Earl F. GUELDA, Appellant,

v.

Dothier Lenetta MASON, Infant, By Her Mother and Next Friend, Clementine Mason, and Joe L. Mason, Appellees.

Court of Appeals of Kentucky.

March 27, 1970.

Rehearing Denied Nov. 13, 1970.

William A. Miller, Louisville, for appellant.

Murray J. Greenwald, Louisville, for appellees.

EDWARD P. HILL, Jr., Chief Justice.

This appeal is from a judgment for $8,044.95 awarded the appellees, Dothier Lenetta Mason and her father, for injuries and medical expenses growing out of a fall by Dothier from a second-floor porch owned by appellant and used by appellees in connection with their rental use of one of the two apartments on the second floor of the premises located at 733 Vine Street, Louisville, Kentucky.

Dothier was five years of age at the time of her fall and injuries.

Appellant's building is a two-story structure with a small grocery store operated by appellant and one apartment on the first floor and two apartments on the second floor separated by a hallway leading to a porch that has no outside steps or exit. Surrounding the porch is a railing with a top member thirty-six inches from the porch floor, with pickets or balusters running perpendicular therefrom to the bottom member three inches from the floor.

Some years prior to the accident, the space between the top of the railing and the porch roof was enclosed by removable sectional screening. About ten years prior to the accident, one section of the screening "wore out" and was removed. Sometime during the tenancy of the Masons, someone attempted to place a substitute in place of the worn-out section, but the substitute contained no screen and only added two inches to the height of the railing, making it thirty-eight inches from the floor.

On the date of the accident, while her parents were at home, Dothier was observed by a neighbor child "jumping up and down" on a hobbyhorse, which was twenty inches high from the floor to the seat and twenty-six and one-fourth inches high to the top of the head. The neighbor child saw Dothier fall suddenly to the ground,

striking a post on the way down, resulting in fractures of both bones in the left arm. No permanent disability is claimed to have resulted, although Dothier was deaf prior to the accident with problems of communication.

The exact manner in which the child catapulted from her hobbyhorse over the banister is left to speculation, there being no direct evidence on the question.

Appellant contends (1) he was not negligent, (2) trial errors were committed in refusing to admit certain evidence offered by appellant, and (3) the amount of the verdict and judgment is excessive.

We have concluded appellant was not negligent in the maintenance of the premises and reverse the judgment with directions to enter judgment for appellant notwithstanding the verdict, making it unnecessary to treat other questions raised by appellant.

No attempt was made by appellees to prove the porch or the banister was dangerous, defective, or out of the ordinary. The whole theory of appellees' concept of negligence is that the failure of appellant to replace the screen section constituted negligence or amounted to a failure to keep the premises in a reasonably safe condition.

We know of no law or city ordinance requiring complete enclosure of an upstairs porch. The top of the railing was higher than the height of the child. It was necessary for a child the age of Dothier to climb upon some foreign object in order to get over the railing.

Appellant confesses difficulty in finding legal precedent to fit the facts in the present case "due to the fact that it involves such elementary principles which are so well known and of common application that it is difficult to find authority for them." We experience the same difficulty. However, the general rules as to foreseeability of harm by a property owner fortify our

belief that there was no negligence or breach of duty on the part of appellant.

In 38 Am.Jur., Negligence § 34, page 681, it is written:

"Persons who are charged with a duty in relation to a particular matter or thing have a right to rely upon the sufficiency of a structure or contrivance which is in common use for the purpose and has been in fact safely used under such a variety of conditions as to demonstrate its fitness for the purpose. When a structure or appliance, not inherently dangerous and of a kind such as is in general use, has uniformly answered the purpose for which it was designed and used, under every condition supposed to be possible in the business, it cannot in reason be said that a person has not acted with ordinary prudence and sagacity in not anticipating an accident which afterwards happens in the use of the thing, notwithstanding it continued substantially in the same condition all the time."

We cannot visualize in what way or manner appellant could anticipate the occurrence of such an accident. Without something for the child to climb upon, the accident was not foreseeable. If there was any negligence anywhere, it was that of the parents in permitting the hobbyhorse on the porch. There is little difference between leaving the child on the porch with the hobbyhorse and placing a stepladder thereon.

There was no duty to screen-in the second floor porch or any part of it.

Appellant having moved for a directed verdict both at the conclusion of plaintiffs' evidence and at the conclusion of all the evidence and having moved for judgment n. o. v., we conclude he should have prevailed at each stage of the proceeding.

The judgment is reversed with directions to enter judgment dismissing the complaint.

All concur.